CHUAN–KHIONG HO, Petitioner,

v.

Alberto GONZALES, Attorney General, Department of Homeland Security, Respondent.

No. 05–3381–ag.

United States Court of Appeals, Second Circuit.

April 7, 2006.

Stuart Altman, New York, New York, for Petitioner.

David N. Kelley, United States Attorney for the Southern District of New York, Jim M. Greenlee, United States Attorney, John E. Gough, Jr., Assistant United States Attorney, Northern District of Mississippi, Oxford, Mississippi, for Respondent.

PRESENT: Hon. JAMES L. OAKES, Hon. CHESTER J. STRAUB, and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Chuan–Khiong Ho, through counsel, petitions for review of a BIA decision denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005); *Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled

to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). Nevertheless, "the fact that the [agency] has relied primarily on credibility grounds in dismissing an asylum application cannot insulate the decision from review." *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004). An adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus" to the finding. *Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003) (quoting *Aguilera–Cota v. I.N.S.,* 914 F.2d 1375, 1381 (9th Cir.1990)).

The IJ found Ho not credible because he failed to provide any documentary evidence or witness testimony to corroborate his alleged practice of Christianity in the United States. The IJ's finding is reasonable, given that Ho's claim that he practices Christianity in the United States was presented to bolster his claims of past persecution and a well-founded fear of persecution in China based on his faith, and considering that he alleged he had been attending the "Chinese Christian Church" in New York weekly for two or three years and had friends who attended the services with him. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 163–64 (2d Cir. 2006)

The IJ also found Ho incredible because his father's letter omitted any mention of the authorities coming to the house of Ho's parents on numerous occasions to arrest Ho and of the threats that the authorities made against his family because of his alleged religious activities. The IJ's finding is based on substantial evidence and involves the heart of Ho's claim. *See Secaida–Rosales,* 331 F.3d at 308. Further, the IJ found Ho incredible because he failed to mention in both his airport interview and his credible fear interview that he was persecuted in China because of his Christian faith. The IJ could reasonably find that if Ho actually were persecuted in China on account of his religious beliefs, he would have raised that claim during those interviews, notwithstanding Ho's claim of misguided instruction given to him by the "snakeheads" who transported him to the United States. *See Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 398–400 (2d Cir. 2005) (holding that an adverse credibility finding can be based on materially different asylum claims in an airport interview and petitioner's subsequent testimony before the IJ).

These findings alone support the IJ's decision. *See Xiao Ji Chen,* 434 F.3d at 159–65; *Cao He Lin v. United States Dep't of Justice,* 428 F.3d 391, 395 (2d Cir.2005). Because Ho has been found to be incredible, he cannot demonstrate a well-founded fear of persecution. *See Ramsameachire,* 357 F.3d at 178. As a result, he necessarily cannot succeed on the claim for withholding of removal. *See Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003). Because Ho did not raise his CAT claim before the BIA, and he does not raise it here, his claim is both unexhausted and waived. *See* 8 U.S.C. § 1252(d)(1); *Gill v. INS,* 420 F.3d 82, 86 (2d Cir.2005); *Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1, 546 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, the pending motion for a stay of removal in this petition is DENIED as moot.